Filed 10/20/15  P. v. Henschel CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LISA HENSCHEL,<br><br>    Defendant and Appellant. | 2d Crim. No. B260189<br>(Super. Ct. No. BA355865)<br>(Los Angeles County) |

Lisa Henschel appeals from the judgment entered after a jury convicted her of grand theft (Pen. Code, § 487, subd. (a))[1] and 31 counts of insurance fraud (§ 550, subd. (a)(5)) with special findings that appellant took property exceeding $50,000 in value (§ 12022.6, subd. (a)(1).)  The trial court denied probation and sentenced appellant to six years felony jail (§1170, subd. (h)(5)), four years of which were suspended.  Appellant was ordered to pay restitution and various fines and fees.

The evidence shows that appellant, acting as the owner/operator of the Silverlake Hills Health Center, submitted fraudulent health insurance claims and lied to Blue Cross of California about her son's medical condition and treatments.  The victims included Blue Cross of California, Health Net, and the Motion Picture Industry Pension and Health Plan.

We appointed counsel to represent appellant in this appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.

---

[1] All statutory references are to the Penal Code.

On June 9, 2015, we advised appellant that she had 30 days within which to personally submit any contentions or issues she wished us to consider. On September 24, 2015, appellant submitted a supplemental brief stating, among other things, that the trial court erred in denying appellant's *Marsden* (*People v. Marsden* (1970) 2 Cal.3d 118) and *Faretta* motions (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]), that the trial court erred in not instructing on mistake of law (CALCRIM 3407), that the trial court was biased, that the trial court erred in not continuing the trial so that private counsel could represent appellant, that the California Department of Insurance lacked authority to investigate the insurance fraud which was the basis for a search warrant, and that appellant was denied effective assistance of trial counsel. These contentions are not supported by the record (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333) nor has appellant made any showing that she was denied a fair trial. (*Untied States v. Bagley* (1985) 473 U.S. 667, 678 [87 L.Ed.2d 481, 491]; *People v. Fudge* (1994) 7 Cal.4th 1075, 1102-1103; *Neder v. United States* (1999) 527 U.S. 1m 17-18 [144 L.Ed.2d 35, 52-53 [overwhelming evidence rendered alleged instructional error harmless].) The record reflects that appellant had five lawyers, that appellant's retained lawyer was removed for failure to prepare for trial, that the *Marsden/Faretta* motions were primarily based on disagreements about trial strategy, and that appellant sought leave to file groundless motions to delay the trial.

We have examined the entire record and are satisfied that appellant's appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende* (1979) 25 Cal.3d 436.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

2

Sam Ohta, Judge

Superior Court County of Los Angeles

_____


Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Plaintiff and Respondent.